UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE OHIO WILLOW WOOD COMPANY, )
)
    Plaintiff, )
)
v. )   CASE NO.: _____
)
ALPS SOUTH, LLC, )
)
    and )
)
APPLIED ELASTOMERICS, INC. )
)
    Defendants. )
_____)

## COMPLAINT

Plaintiff, THE OHIO WILLOW WOOD COMPANY, sues Defendants, ALPS SOUTH, LLC ("ALPS") and APPLIED ELASTOMERICS, INC ("AEI"), and as its complaint states as follows:

### JURISDICTION AND VENUE

1. This is an action for a declaratory judgment pursuant to 28 USC § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question of actual controversy between Plaintiff and Defendants. Plaintiff seeks a declaration that Plaintiff is not infringing Defendants' patent.

2. This court has subject matter jurisdiction over this action pursuant to 28 USC §§ 1331 and 1338 (a).

3. Defendant ALPS is subject to jurisdiction in Florida because it has engaged in business in, or has a principal place of business in, the state of Florida. Defendant, ALPS is also subject

to jurisdiction in Florida because it is engaged in substantial and not isolated activity within the state of Florida.

4. Defendant AEI is subject to jurisdiction in Florida by virtue of it entering into substantive contracts relating to the subject matter of this case. Pursuant to the terms of the contracts, if ALPS were to elect not to defend against this action, AEI has the right to defend this action.

5. By virtue of its contracts with ALPS, AEI has in engaged in business in this District.

6. Venue is proper in this district and in this division under 28 USC § 1391 and § 1400.

## THE PARTIES

7. Plaintiff is a Corporation incorporated under the laws of the state of Ohio with its principal place of business in Mt. Sterling, Ohio. Plaintiff is engaged in the business of manufacturing and selling prosthetic liners for use by customers who have prosthetic limbs.

8. Defendant ALPS is a Florida LLC with its principal place of business in St. Petersburg, Florida. Defendant is registered to do business in the state of Florida. Defendant is engaged in the same type of business as, and is a competitor of, Plaintiff.

9. Defendant AEI is a California Corporation with its principal place of business located at 163 W Harris Ave., South San Francisco, CA 94080.

## THE '109 PATENT

10. United States Patent No. 6,552,109 B1, entitled "Gelatinous Elastomer Composition and Articles" issued April 22, 2003 and was subject to ex parte reexamination in 2009.

11. On July 5, 2011, United States Patent No. 6,552,109 C1, entitled "Gelatinous Elastomer Composition and Articles", issued from reexamination before the USPTO. A true and correct copy of United States Patent No. 6,552,109 B1 as modified by the C1 ex parte reexamination certificate is attached hereto as Exhibit A. (Hereinafter, U.S. Patent No. 6,552,109, as modified

by the ex parte reexamination certificate no. 8385, is referred to collectively as "the '109 Patent").

12. The named inventor of the '109 Patent is John Y. Chen.

13. John Y. Chen assigned the '109 Patent to AEI.

14. AEI and ALPS entered into a license agreement relating to the '109 Patent.

15. The license agreement between AEI and ALPS provides, among other things, that subject to some previously granted licenses in the '109 Patent, that ALPS has the exclusive right to make, use, sell, offer for sale, or import products embodying the inventions of the '109 Patent.

16. The license agreement also provides that in an event there is a declaratory claim for non-infringement of the '109 Patent, ALPS has the right to defend with AEI's right to participate and make recommendations which recommendations ALPS must follow. In the event ALPS would choose not to defend a declaratory judgment action, the agreement provides that AEI may defend with ALPS being able to participate and make recommendations which recommendations AEI must follow.

## DECLARATORY JUDGMENT AGAINST DEFENDANT

17. Defendant ALPS previously sued Plaintiff under the '109 Patent before the United States District Court for the Middle District of Florida, Tampa Division, case number 8:08-cv-01893-MSS-MAP, in a litigation styled "Alps South, LLC v. The Ohio Willow Wood Company".

18. At trial, the Court found that certain of Plaintiff's products infringed claims 1-3, 5, 6, 11, and 12 of the '109 Patent.

19. On May 9, 2013, the Court issued an injunction providing, in pertinent part, that:

Ohio Willow Wood company and all its agents, officers, servants, employees, successors, assigns, attorneys, and all other persons acting in concert or

participation with Ohio Willow Wood Company, are **PERMANENTLY ENJOINED and RESTRAINED** from making, using, selling, offering for sale, or importing into the United States any product infringing on the claims 1-3, 5, 6, 11, and 12 of U.S. Patent No. 6,552,109. This injunction is effective from the date of this Order through August 11, 2014.

20. Plaintiff stopped manufacturing products using the gel formulae of the products found to infringe the '109 Patent.

21. In November, 2012, Plaintiff began to manufacture products using new gels (referred to herein the "Advanced Gels").

22. The differences between Plaintiff's products using the Advanced Gels and the products previously found to infringe the claims of the '109 Patent are significant.

23. Plaintiff's new products using the Advanced Gels, as a whole, are more than colorably different from Plaintiff's products that were adjudged to infringe the claims of the '109 Patent.

24. By operation of the Federal Circuit's *en banc* decision in *TiVo, Inc. v. EchoStar Corp.*, 646 F.3d 876 (Fed. Cir. 2011), Plaintiff is entitled to a trial on the merits as to whether its products with the Advanced Gels infringe one or more claims of the '109 Patent.

25. All of the claims of the '109 patent require a particular block copolymer and in specific ratios of block copolymer to plasticizing oil.

26. Plaintiff's Advanced Gel products do not use the particular block copolymer in the claimed ratios of block copolymer to plasticizing oil.

27. Plaintiff's Advanced Gel products do not infringe the claims of the '109 patent.

28. Defendant ALPS' actions, including having previously sued Plaintiff for infringement of the '109 Patent, have created a real and reasonable apprehension in Plaintiff that it faces an

infringement suit over the '109 Patent in light of its Advanced Gels-based products if Plaintiff continues its present course of conduct.

29. An actual controversy exists between Plaintiff and Defendants as to whether Plaintiff's Advanced Gels-based products infringe the '109 Patent.

30. Plaintiff and Defendants have opposing interests of such immediacy that a declaration of rights is warranted.

31. A declaration of rights will serve the useful purpose of clarifying and settling the legal relations at issue.  A declaration of rights will also afford relief from the uncertainty, insecurity, and controversy giving rise to these proceedings.

32. Plaintiff is entitled to a declaration that Plaintiff's Advanced Gels-based products do not infringe the '109 Patent.

WHEREFORE, Plaintiff respectfully requests this Court to (a) enter a declaratory judgment that Plaintiff is not infringing the '109 Patent; (b) award to Plaintiff attorneys' fees and the costs of bringing this action; and (c) grant to Plaintiff all other relief this Court deems just and appropriate.

Respectfully submitted,

Date:  May 13, 2013

Jeffrey S. Standley (Ohio Bar No. 0047248)
F. Michael Speed, Jr. (Ohio Bar No. 0067541)
Michael Stonebrook (Ohio Bar No. 0075363)
STANDLEY LAW GROUP LLP
6300 Riverside Drive
Dublin, Ohio 43017
Telephone:  (614) 792-5555
Facsimile:  (614) 792-5536
litigation@standleyllp.com
jstandley@standleyllp.com

mspeed@standleyllp.com
mstonebrook@standleyllp.com

Patrick J. Risch
Florida Bar No. 0165603
HILL WARD & HENDERSON P.A.
101 East Kennedy Blvd., Suite 3700
Tampa, FL 33601-2231
(813) 221-3900
(813) 221-2900 (Fax)
prisch@hwhlaw.com

COUNSEL FOR PLAINTIFF,
THE OHIO WILLOW WOOD COMPANY

4472556v1